WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristy Dawn Chacon,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　Defendants. | No. CV-14-01374-PHX-JJT (ESW)<br><br>**ORDER** |

　　　　On June 19, 2014, Plaintiff Christy Dawn Chacon, who is confined in the Arizona State Prison Complex-Perryville/San Pedro Unit in Goodyear, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In its October 1, 2014 Order, the Court dismissed the Complaint because Plaintiff failed to state a claim (Doc. 3). The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order. On November 3, 2014, Plaintiff filed her First Amended Complaint (Doc. 4). In its January 14, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff failed to state a claim (Doc. 6). The Court gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order. On March 11, 2015, Plaintiff filed a Second Amended Complaint (Doc. 10). The Court ordered Defendants Ryan, Pratt, Arnold, and Coleman to answer the Second Amended Complaint. The Defendants filed Answers (Docs. 17, 18). All issues are joined. Plaintiff alleges a single count of inadequate medical treatment in

violation of the Eighth Amendment. She seeks compensatory damages and injunctive relief.

Pending before the Court are several motions.

## DISCUSSION

### 1. "Motion for Modification to Allow Additional Time or Extend Deadlines on Scheduling Order" (Doc. 32)

On September 10, 2015, the Court issued a Scheduling Order (Doc. 30), setting a discovery deadline of May 11, 2016. Plaintiff immediately requested that additional time be added to the deadlines set by the Court because (i) Plaintiff does not have a copy of the "local rules," (ii) Plaintiff does not have an attorney to help her litigate her case, and (iii) Plaintiff's money transfer request remains pending with the Deputy Warden of the prison. Plaintiff intends to hire a private investigator to assist her with her case. She has filed five Declarations from family and fellow inmates in support of her case (Docs. 33-37). Plaintiff has also filed "Plaintiff's First Set of Interrogatories" directed to each Defendant (Docs. 24-28).

Plaintiff does not indicate to the Court how much additional time she will need in order to complete discovery. Nor does Plaintiff set forth good cause to extend the generous deadlines set by the Court. Plaintiff's prior requests for an attorney were denied (Docs. 9, 23). Plaintiff has not hired an investigator. Plaintiff has been articulating her position clearly through the documents she has filed with the Court. She has initiated discovery.

The Court will deny "Motion for Modification to Allow Additional Time or Extend Deadlines on Scheduling Order" (Doc. 32).

### 2. "Motion to Request Emergency Counsel" (Doc. 38)

Plaintiff requests that the Court appoint counsel because (i) the Arizona Department of Corrections ("ADOC") has delayed her money transfer request, hindering her ability to hire a private investigator; (ii) the resource library at the prison is insufficient for Plaintiff to present information to the Court; and (iii) Plaintiff believes that ADOC is retaliating against her so she will "drop the complaint against the ADOC"

(Doc. 38 at 2).

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). *See also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has she shown that she is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's continued filings with the Court, as well as the instant motion, indicate that Plaintiff remains capable of navigating her proceedings and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff remains in a position no different than many *pro se* prisoner litigants. Having failed to show that any exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied.

**3. Motion for Production of Documents (Doc. 39)**

Rule 5(d), Fed. R. Civ. P., states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff's Motion for Production of Documents is a request for the production of documents in Defendants' possession. Such discovery requests must be served upon the Defendants, not the Court. Plaintiff has not "used" these discovery requests in the proceeding (e.g. by relying upon responses in support of a motion, supporting a motion to compel, etc.). Therefore, Plaintiff's filing of the actual discovery requests instead of a "Notice of Service" is in violation of LRCiv 5.2 and Rule 5(d), Fed. R. Civ. P. In addition, because Defendants have not been served with the discovery requests, Defendants have not yet objected to the production of the documents, necessitating a motion to compel the production of the documents sought. *See* Rules 34 (b) and 37(a)(3)(B), Fed. R. Civ. P. The Court's Scheduling Order (Doc. 30 at 3) specifically requires the parties to attempt to resolve discovery matters through personal consultation and sincere effort as required by LRCiv 7.2(j) prior to filing a discovery motion with the Court.

Accordingly, Plaintiff's Motion for Discovery (Doc. 39) will be denied as premature.

**CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** denying "Motion for Modification to Allow Additional Time or Extend Deadlines on Scheduling Order" (Doc. 32).

- 4 -

**IT IS FURTHER ORDERED** denying "Motion to Request Emergency Counsel" (Doc. 38).

**IT IS FURTHER ORDERED** denying "Motion for Production of Documents" (Doc. 39).

Dated this 21st day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge