WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristy Dawn Chacon, | No. CV-14-01374-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court are several motions, which the Court has reviewed and rules on as set forth below.

**DISCUSSION**

On September 10, 2015, the Court issued a Scheduling Order (Doc. 30). On March 14, 2016, while acting pro se, Plaintiff filed a "Motion to Propose New Scheduling Order" (Doc. 45) requesting the Court to extend certain disclosure and discovery deadlines. The Court granted Plaintiff's Motion and extended (i) the initial disclosure deadline to July 2, 2016; (ii) Plaintiff's expert witness disclosure deadline to August 2, 2016; (iii) Defendants' expert witness disclosure deadline to August 16, 2016; (iv) the discovery deadline to August 31, 2016; and (v) the dispositive motion deadline to September 30, 2016. (Doc. 46 at 2).

On July 21, 2016, Plaintiff's counsel filed a Notice of Appearance (Doc. 50). On July 28, 2016, Plaintiff, through counsel, filed a Notice of Expert Witness (Doc. 51)

indicating that Dr. Jason Datta, MD has been retained as an expert witness for Plaintiff. In their "Motion to Strike Plaintiff's Expert Witness Disclosure . . . ." (Doc. 52), Defendants request that the Court strike the Notice (Doc. 51) on the ground that Plaintiff failed to disclose the expert's written report as required by Federal Rule of Civil Procedure 26(a)(2)(A).

On August 23, 2016, approximately one week after Defendants filed their Motion to Strike (Doc. 52), Plaintiff filed a "Motion to Transport Inmate for an IME" (Doc. 53).[1] The Motion indicates that Plaintiff's expert witness, Dr. Datta,[2] is to conduct the IME. (*Id*. at 1). On August 24, 2016, Plaintiff filed her "Response to Defendant's Motion to Strike Plaintiff's Expert Witness" (Doc. 54). Plaintiff's Response explains that Plaintiff has not disclosed the expert witness' report "because none yet exists." (*Id*. at 2). Plaintiff further states:

> As counsel for the Defendant knows, Plaintiff is currently seeking a Court Order allowing the Plaintiff to be transported from Arizona State Prison (Perryville) to Dr. Datta's office for an independent medical examination (IME). Until Dr. Datta examines the Plaintiff, he is unable to prepare a meaningful report of his findings, conclusions, and opinion in regard to her medical condition.

(*Id*.). Plaintiff, however, neglects to address the fact that the Court has not ordered Plaintiff to submit to an IME. *See* Fed. R. Civ. P. 35(a)(2) (an order for a physical or mental examination may be made only on motion for good cause shown and with notice to the person examined and all other parties). The Court will deem Plaintiff's "Motion to Transport Inmate for an IME" (Doc. 53) as a de facto motion for an IME.

---

[1] Defendants filed the Motion to Strike (Doc. 52) on August 15, 2016. On August 23, 2016, Plaintiff filed the Motion to Transport (Doc. 53).

[2] The Motion (Doc. 53 at 1) references "Dr. Jason Latta." The Court presumes that the reference to "Latta" instead of "Datta" is a typographical error in light of Plaintiff's Response (Doc. 54) to the Motion to Strike, which references "Dr. Datta."

- 2 -

Before a motion for an IME may be granted, the Court must find that a party's medical condition is in controversy and good cause exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 119-20 (1964). The Motion to Transport Inmate does not present any basis on which the Court could find good cause to order an IME.[3] Further, "Rule 35 does not allow for a physical examination of oneself . . . ." *Berg v. Prison Health Services*, 376 F. App'x 723, 724 (9th Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (stating that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself").

Finally, although Rule 35 does not provide a deadline for conducting an IME, a number courts have held that if a Rule 35 examining physician is intended to be called as an expert witness at trial, the physician's report must be disclosed by the deadline for disclosing expert witness reports pursuant to Rule 26(a)(2). *See, e.g., Diaz v. Con–Way Truckload, Inc.*, 279 F.R.D. 412, 419 (S.D. Tex. 2012) ("[A]fter considering the language, purpose, and relevant use of Rules 26 and 35, the Court is of the opinion that Rules 26 and 35 should be read in conjunction with each other when determining the

---

[3] The only statements in the Motion to Transport that may be construed as a justification for an IME are the following: "The whole basis of this litigation is that Plaintiff has not received adequate medical care at the Department of Corrections because they lack the equipment, technology and the specialists for her particular condition. There is no way to perform an independent medical examination at the prison because they don't have the equipment necessary." (Doc. 53 at 1-2). To the extent Plaintiff seeks an IME to obtain medical care or a second opinion, such purposes do not constitute good cause under Rule 35. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (upholding denial of inmate's Rule 35 motion where the "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"); *Gannaway v. Prime Care Medical, Inc.*, 150 F.Supp.3d 511, 523 n.4 (E.D. Pa. 2015) (Rule 35 "does not permit a party to seek his own medical examination, and a prisoner cannot use Rule 35 as a mechanism for obtaining a second medical opinion when he disagrees with the course of treatment prescribed by prison medical personnel.").

proper timing for a Rule 35 examination and report."); *Rowland v. Paris Las Vegas*, No. 13cv2630–GPC (DHB), 2015 WL 4662032, at *4 (S.D. Cal. 2015) ("[T]he timing of a motion for an IME is dictated by the terms of the scheduling order regarding expert witness discovery . . . .") (citation omitted); *Minnard v. Rotech Healthcare Inc.*, No. S–06–1460 GEB GGH, 2008 WL 150513, at *2 (E.D. Cal. Jan. 15, 2008) ("The purpose of the retained expert is to advocate within reasonable grounds on behalf of the person for whom retained. The expert will not simply be parroting the facts of an examination. . . . The Rule 35 exam and the retained expert's opinions are inextricably intertwined."); *Shumaker v. West*, 196 F.R.D. 454, 456 (S.D.W.Va. 2000) ("Defendant's belated attempt to seek a Rule 35 examination days before his expert disclosures were due fails to comply with Rule 26 of the Federal Rules of Civil Procedure."); *but see Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, (S.D. Ohio 2007) ( "Rule 35 examinations, and the issuance of reports following those examinations, proceed independently of Rule 26(a)(2).") (citing *Furlong v. Circle Line Statue of Liberty Ferry, Inc.*, 902 F.Supp. 65 (S.D.N.Y. 1995)).

Moreover, because an IME is a discovery tool, a Rule 35 motion "should be brought in time to conduct the examination before the discovery cut-off date."  Jay E. Grenig, Jeffrey S. Kinsler, HANDBK. FED. CIV. DISC. & DISCLOSURE § 10:8 (3d ed.); *see also Schlagenhauf,* 379 U.S. at 117 ("The discovery devices sanctioned by Part V of the Federal Rules include . . . physical and mental examinations of parties (Rule 35)."); *Bush v. Pioneer Human Services*, No. C09-0518 RSM 2010 WL 324432, at *5 (W.D. Wash. 2010) ("the [Rule 35] examination must be conducted sufficiently before the discovery cutoff to give the examined party time to review the report (if requested), and depose the examiner if necessary"); *Diaz,* 279 F.R.D. at 418 ("Similar to Rule 35, Rules 30, 31, 33, and 34 do not provide a specific deadline by which to submit these discovery requests because it is understood that *all* discovery tools are generally subject to the overall discovery deadline.") (emphasis in original).

1  Here, Plaintiff filed the Motion to Transport (Doc. 53) on August 23, 2016—twenty-one days after the expert witness disclosure deadline (August 2, 2016) and only eight days before the discovery deadline (August 31, 2016).  The Court finds that, if deemed a Rule 35 motion for an IME, Plaintiff's Motion to Transport (Doc. 53) is untimely as Plaintiff has shown a lack of diligence. *See Diaz*, 279 F.R.D. at 420 (denying request for IME as untimely where Defendant "showed a lack of diligence by seeking a Rule 35 examination after the Rule 26 deadline to designate experts and produce reports").

For the above reasons, the Court denies Plaintiff's "Motion to Transport Inmate for an IME" (Doc. 53).  Consequently, this denial precludes Plaintiff's compliance with Federal Rule of Civil Procedure 26(a)(2)(B) as Plaintiff has stated that the preparation and disclosure of Dr. Datta's report was dependent on the IME.  (Doc. 54 at 2). Accordingly, the Court will grant Defendants' request (Doc. 52) to strike Plaintiff's Notice of Expert Witness (Doc. 51).

Defendants request an extension of the August 16, 2016 deadline in which to disclose Defendants' expert witnesses.  (Doc. 52).  In explaining the reason for the request, Defendants state that they "are unable to make a rational determination as to whether or not the expense of procuring an expert witness is worth the cost, as they are left entirely in the dark by Plaintiff's improper disclosure." (Doc. 52 at 7).  Because the Court has stricken Plaintiff's Notice of Expert Witness (Doc. 51) and denied Plaintiff's "Motion to Transport Inmate for an IME" (Doc. 53), the justification for Defendants' request is moot.  The request (Doc. 52) is therefore denied.

The final motion pending before the Court is the parties' "Expedited and Stipulated Motion for Extension of Time to File Dispositive Motions (Second Request)" (Doc. 57).  The parties request that the dispositive motion deadline be extended to December 29, 2016.  In light of the above rulings, the Court does not find good cause for such a lengthy extension.  The Court, however, extends the dispositive motion deadline to October 31, 2016.

**CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion to Transport Inmate for an IME" (Doc. 53).

**IT IS FURTHER ORDERED** granting in part and denying in part Defendants' "Motion to Strike Plaintiff's Expert Witness Disclosure and to Extend Deadline for Defendants to Disclose Expert Witness" (Doc. 52).

**IT IS FURTHER ORDERED** granting in part and denying in part the parties' "Expedited and Stipulated Motion for Extension of Time to File Dispositive Motions (Second Request)" (Doc. 57). The dispositive motion deadline is extended to October 31, 2016.

Dated this 29th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge